**The PEOPLE of the State of Colorado, Complainant,**

v.

**Harry L. SIMON, Attorney-Respondent.**

**No. 83SA449.**

Supreme Court of Colorado, En Banc.

April 2, 1985.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Stanley H. Marks, Denver, for attorney-respondent.

NEIGHBORS, Justice.

Harry L. Simon, you appear before this court to receive a public censure for your professional misconduct. In disciplinary proceedings before the Grievance Committee you, your attorney, and the disciplinary prosecutor executed a stipulation in which you waived your right to a formal eviden-tiary hearing and admitted the essential facts which caused the Grievance Committee to take action against you under our rules governing lawyer discipline and disability.

You were admitted to the bar of this court on May 17, 1977, and at all times pertinent to these proceedings were registered as a lawyer in our official records. Therefore, pursuant to C.R.C.P. 241.1(b), you are subject to our disciplinary jurisdiction in all matters relating to the practice of law.

You were hired as an associate by the law firm of Brownstein, Hyatt, Farber and Madden in 1976. In November 1981, you became a partner in that law firm.

During the month of July 1981, the principals of Athletic Club Association Limited (ACA) retained your law firm to obtain a liquor license for ACA's International Athletic Club. You were directed to perform the legal work necessary to secure the license. However, you failed to carry out this assignment in a prompt manner. Your law firm was confronted by ACA in the latter part of 1981 with the fact that you had not yet obtained the license. Upon learning of your dereliction, the senior partners in the law firm refunded the retainer to ACA, agreed to obtain the license without charging for the legal services, and ordered you to obtain the license without delay. You, however, continued to neglect the matter and misrepresented to ACA and to your partners in the law firm that progress was being made.

As a result of pressure being applied by the law firm and your clients to complete the legal work, you prevailed upon your friend, Lynn Sunahara, who was an employee of the State of Colorado, Department of Revenue, Liquor Licensing and Control Division, to prepare a liquor license for you. Mr. Sunahara prepared an original license, photocopied it, destroyed the original, and gave you the copy.[1] You, in

---

1. Lynn Sunahara entered a plea of guilty to issuing a false certificate, section 18–8–406, 8 C.R.S. (1978) (a class 5 felony), was granted a 2-year deferred judgment and sentence, and was placed under the supervision of the probation department.

turn, gave the photocopy to your clients and told them the original would be mailed to them the next day. However, your clients promptly discovered an irregularity in the license and complained to your law firm on April 3, 1982. It was then discovered that an application for ACA's liquor license had not been filed.

On that same day, you voluntarily approached your partners in the law firm and told them about your conduct over the prior 9-month period, including the obtaining of the fictitious license from Mr. Sunahara on April 2, 1982.

Your partners immediately reported your conduct to the Grievance Committee. You appeared with your attorney at the Grievance Committee Offices on April 9, 1982. Thereafter, on April 14, 1982, in a separate proceeding, the Grievance Committee filed with this court a petition requesting that we issue an order directing you to show cause why you should not be examined by a qualified medical expert to determine whether you were incapable of continuing to practice law by reason of mental infirmity or physical illness. The basis of the Grievance Committee's petition was that the personal and professional stress you were under, coupled with your addiction to cocaine, may have caused you to fabricate the issuance of a liquor license for your client, ACA.

You surrendered yourself to law enforcement authorities in Denver, Colorado on May 24, 1982, on criminal charges which had been filed. On April 25, 1983, you entered pleas of guilty to unlawful use of a controlled substance, section 18–18–104, 8 C.R.S. (1984 Supp.) (a class 5 felony), and criminal possession of a third-degree forged instrument, section 18–5–107, 8 C.R.S. (1978) (a class 2 misdemeanor). Proceedings on the felony offense were suspended pursuant to section 18–18–104, 8 C.R.S. (1984 Supp.), and you were placed under the supervision of the probation department. This disposition was similar in all material respects to a deferred judgment and sentence. A judgment of conviction was entered on the misdemeanor charge and you were sentenced to probation. As conditions of the deferred judgment and sentence and probation, you were ordered to: (1) Pay $1,000 to a drug rehabilitation program approved by the probation department; (2) continue treatment for your drug dependency; and (3) furnish 100 hours of community service to a drug program.

You successfully completed the period of the deferred judgment and sentence and probation and complied with the terms and conditions imposed by the Denver District Court. As a result, the felony charge has been dismissed.

You began therapy with a psychologist in September 1981. The purpose of the treatment was to resolve a number of issues, including your use and abuse of cocaine which began in February 1982, and your work related difficulties arising from the pressures of an extensive litigation practice.

On April 6, 1982, you were placed on medical leave from your law firm. Thereafter, you resigned from the firm of Brownstein, Hyatt, Farber and Madden and opened your own law practice in June of 1982.

The Grievance Committee approved the stipulation entered into by you and the disciplinary prosecutor that you be suspended from the practice of law for a year and a day, but that the suspension be stayed on the condition you receive a public censure and be placed on probation until April 1984. Because the effect of the various proceedings was to place you on probation, the time period has elapsed, and, most important, your efforts and those of others have resulted in your rehabilitation, no useful purpose would be served by imposing a suspension at this point in the proceedings. Moreover, the disability proceeding was terminated by the order of this court on June 14, 1984. At that time, the court approved the recommendation of the Grievance Committee and ordered that you be allowed to continue the practice of law without any supervision from that body.

However, we conclude that because of the seriousness of your misconduct, a public censure is nonetheless warranted. You have admitted that your conduct violated C.R.C.P. 241.6(5) (criminal conduct) and the following provisions of the Code of Professional Responsibility: DR1–102(A)(4) (misrepresentation), DR1–102(A)(6) (conduct which adversely reflects on your fitness to practice law), DR6–101(A)(3) (neglect of legal matters), DR7–101(A)(1) and (2) (intentional failure to seek the lawful objective of your client and intentional failure to carry out a contract of employment), and DR7–102(A)(5) and (8) (knowingly making a false statement of fact and knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule). This public censure will remain on file with this court for further consideration should you at any time in the future violate the Code of Professional Responsibility.

You are ordered to pay costs of $25 within 30 days to the Supreme Court Grievance Committee, 190 East Ninth Avenue, Suite 440, Denver, Colorado 80203.