**The PEOPLE of the State of Colorado, Complainant,**

v.

**Allan David ABELMAN, Attorney-Respondent.**

**No. 87SA161.**

Supreme Court of Colorado, En Banc.

Oct. 5, 1987.

Linda S. Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Haddon, Morgan & Forman, P.C., Bryan Morgan, Denver, for attorney-respondent.

VOLLACK, Justice.

In this case, we order that the respondent Allan David Abelman (respondent) be suspended from the practice of law for a period of six months, beginning from the date of announcement of this opinion, and that he be assessed the costs of the disciplinary proceedings.

Respondent was admitted to the bar of the Colorado Supreme Court on May 17, 1976. He is registered in the official records of this court, registration number 7178.

Criminal charges were filed against the respondent in 1986 in Montrose County, Colorado. On July 21, 1986, he entered a plea of guilty to Unlawful Use of a Controlled Substance in violation of § 18–18–104(a), 8B C.R.S. (1986), a class five felony. At the sentencing hearing, the trial court entered a finding that the respondent was addicted to and/or dependent upon a controlled substance. Pursuant to the statutory alternative which provides for treatment of defendants with drug addiction, rather than punishment, the trial court ordered the proceedings suspended for a period not to exceed one year and ordered that the respondent submit a satisfactory treatment plan to the court.[1]

When the respondent entered his guilty plea to the felony he also surrendered his license to this court; on August 5, 1986, we entered an indefinite order of suspension. Disciplinary proceedings were instituted and the respondent appeared before a hearing board [hereinafter Board] of the Grievance Committee. Evidence at the hearing established that at the time of his felony conviction, the respondent was addicted to cocaine and had been addicted for an extended period of time. There was no evidence that he was either trafficking or dealing in controlled substances. The respondent's primary psychotherapist testified as to the respondent's compliance with, and progress in, the treatment plan. In mitigation, the Board noted that there was no evidence that the respondent's actions during the course of his addiction compromised his client's interests, nor was there a history of prior discipline. The Board noted that in the felony prosecution, the criminal charges would be dismissed "and by operation of statute no conviction will appear on record" if the respondent successfully complied with the terms of his plea agreement.

By the respondent's answer and by stipulation, he admitted to the Board that his

1. Section 18–18–104(3) provides:

(3) If the court determines that the defendant is addicted to, a person in need of treatment for, or dependent upon a controlled substance, the *court may declare the defendant a person in need of treatment, and the court, without imposing sentence* and with the consent of such person, *shall suspend further proceedings, shall order the person to participate in a treatment program, and shall order such other reasonable conditions* for such person as it may require for such period, not to exceed one year, as the court may prescribe. Upon any violation of a condition of the treatment order, the court may impose sentence and proceed as otherwise provided by law. The court, in its discretion, may dismiss the proceedings against such person and discharge him from treatment before the expiration of the period prescribed for the treatment. *If, during the period of this treatment, such person does not violate any of the conditions set forth by the court, the court, upon the expiration of such period, shall discharge such person and dismiss any further proceedings against him. Such discharge and dismissal shall not be termed a conviction for the purposes of disqualification or disapproval imposed by law upon conviction of a crime,* including the penalties prescribed by law for second or subsequent convictions or for any other purpose.

8B C.R.S. (1986) (emphasis added).

conduct violated Colorado Supreme Court Rules 241.6(1), (3), (5)[2] and 241.16,[3] and DR1–102(A)(1) and (A)(6)[4] of the Code of Professional Responsibility.

The Board reviewed 5.12 of the American Bar Association Standards for Imposing Lawyer Sanctions, [hereinafter Standards], and the holdings in *People v. Fitzke*, 716 P.2d 1065 (Colo.1986), *People v. McPhee*, 728 P.2d 1292 (Colo.1986) and *People v. Driscoll*, 716 P.2d 1086 (Colo.1986). Based on the lack of prior disciplinary action, the respondent's cooperation with the disciplinary board, and his positive prognosis and successful treatment plan, the Board recommended a six month suspension. The Board recommended that respondent be required to seek reinstatement by petition, pursuant to C.R.C.P. 241.22(c). Finally, the Board recommended that the respondent be required to submit proof of his successful compliance with the court-ordered treatment plan, and his psychotherapist's recommendation as to the need for future treatment, as conditions of reinstatement. It also recommended costs of the proceeding be assessed against the respondent. The Hearing Panel of the Grievance Committee adopted the Board's Findings of Fact, Conclusions and Recommendations, and the matter is now before this court.

The ABA Standards provide:

5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

The Commentary to Standard 5.12 states in pertinent part:

Lawyers who engage in criminal conduct other than that described above in Standard 5.11 should be suspended in cases where their conduct seriously adversely reflects on their fitness to practice. As

**2. Rule 241.6. Grounds for Discipline.**

Misconduct by a lawyer, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

(1) Any act or omission which violates the provisions of the Code of Professional Responsibility;

. . . . .

(3) Any act or omission which violates the highest standards of honesty, justice, or morality;

. . . . .

(5) Any act or omission which violates the criminal laws of this state or any other state, or of the United States; provided that conviction thereof in a criminal proceeding shall not be a prerequisite to the institution of disciplinary proceedings, and provided further that acquittal in a criminal proceeding shall not necessarily bar disciplinary action; . . . .

C.R.C.P. 241.6, 7A C.R.S. (1986).

**3.** C.R.C.P. 241.16 states in pertinent part:

**(c) Commencement of Disciplinary Proceedings Upon Notice of Conviction.** . . . If the conviction is for a serious crime as hereinafter defined, the Committee Counsel shall obtain the record of conviction and forward the record of conviction to the Disciplinary Prosecutor. Thereupon the Disciplinary Prosecutor shall prepare and file a complaint against the respondent as provided in C.R.C.P. 241.12.

If a complaint is filed against a respondent pursuant to the provisions of this Rule, the Disciplinary Prosecutor shall present proof of the criminal conviction and may present any other evidence which he deems appropriate. If the respondent's criminal conviction is either proved or admitted, the respondent shall have the right to be heard by the hearing board only on matters of rebuttal of any evidence presented by the Disciplinary Prosecutor other than proof of the conviction.

**(d) Conviction of a Serious Crime—Immediate Suspension.** The Committee Counsel shall report to the Supreme Court the name of any lawyer who has been convicted of a serious crime, as hereinafter defined. The Supreme Court shall thereupon issue a citation directing the convicted lawyer to show cause why his license to practice law should not be immediately suspended pursuant to C.R.C.P. 241.8. Upon full consideration of the matter, the Supreme Court may either impose immediate suspension for a definite or indefinite period or may discharge the rule to show cause. . . .

**(e) Serious Crime Defined.** The term serious crime as used in these Rules shall include: (1) Any felony; . . . .

C.R.C.P. 241.16 (c–e), 7A C.R.S. (1986).

**4. DR 1–102 Misconduct.**

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

. . . . .

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

7A C.R.S. (1973).

in the case of disbarment, a suspension can be imposed even where no criminal charges have been filed against the lawyer.

Balancing the severity of the ethical violations committed by the respondent with the absence of prior discipline, absence of injury to his clients, the respondent's compliance with the treatment plan, and the fact that no felony conviction will appear on his record, we adopt the recommendation of the Board and Hearing Panel. We order the respondent suspended for six months from the date of announcement of this opinion. We adopt the Board's recommendations as to the conditions of the respondent's reinstatement, and order that costs in the amount of $455.48 be assessed against him and paid to the Supreme Court Grievance Committee, 600 17th St., Suite 500S, Denver, CO 80202, within 90 days from the date of announcement of this opinion.