IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Robert A.
ARMSTRONG, Attorney at Law.

Supreme Court

*No. 88–0110–D. Filed June 13, 1988.*

(Also reported in 424 N.W.2d 208.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Robert A. Armstrong to practice law in Wisconsin be suspended for a period of three months as discipline for professional misconduct consisting of his having illegally obtained prescription drugs. The referee further recommended that Attorney Armstrong be required to comply with medical conditions upon reinstatement of his license.

We accept the referee's recommendation for discipline in this proceeding. The referee considered that the misconduct did not result in harm to his clients and that the conduct was not related to his law practice. Nonetheless, that conduct violated the laws of Wisconsin, laws which a person licensed to practice law in this state is sworn to uphold. Accordingly, a three-month suspension of his license is appropriate discipline for Attorney Armstrong's misconduct.

Attorney Armstrong was admitted to practice law in Wisconsin in 1975 and practices in Milton. During the time relevant to this proceeding, he also served as municipal judge in Milton. He has not previously been the subject of a disciplinary proceeding. The referee is Attorney Norman C. Anderson.

The parties stipulated to and the referee found that during a three-month period of 1986, on approximately 14 occasions Attorney Armstrong suggested to the wife of a dentist that she forge her husband's name on medical prescriptions to enable Attorney Armstrong to obtain a prescription drug, which was a controlled substance, for his personal use. The woman did so and Attorney Armstrong was successful in obtaining the drug. On November 9, 1987, he was convicted on a no contest plea in Rock county circuit court of three misdemeanor counts of obtaining a prescription drug by forgery or fraud. The referee concluded that such conduct constituted illegal conduct involving moral turpitude, in violation of SCR 20.04(3)(1986), and conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4)(1986).

Attorney Armstrong was subsequently diagnosed as chemically dependent and in December, 1986, completed inpatient treatment for chemical depen-

dency and has since been a regular participant in an outpatient recovery group. As medical evidence in the record discloses that Attorney Armstrong requires ongoing treatment, the referee recommended that Attorney Armstrong be required to comply with specified conditions directed to his continued rehabilitation from chemical dependency.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended discipline is appropriate.

IT IS ORDERED that the license of Robert A. Armstrong to practice law in Wisconsin is suspended for a period of three months, commencing August 1, 1988.

IT IS FURTHER ORDERED that Attorney Robert A. Armstrong comply with the conditions set forth in the referee's report in this matter and that, in the event of his failure to do so, his license to practice law shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that within 60 days of the date of this order Robert A. Armstrong pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time, the license of Robert A. Armstrong to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Robert A. Armstrong comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.