The **PEOPLE** of the State of Colorado, Complainant,

v.

Mark L. **DAVIS,** Attorney–Respondent.

No. 88SA92.

Supreme Court of Colorado, En Banc.

Feb. 13, 1989.

Linda Donnelly, Disciplinary Counsel, Susan L. Fralick, Deputy Disciplinary Counsel, Denver, for complainant.

Larry Pozner and Associates, P.C., Larry S. Pozner, Shelley Gilman, Denver, for attorney-respondent.

QUINN, Chief Justice.

In this disciplinary proceeding the respondent, Mark Louis Davis, was charged with accepting one-half pound of marijuana in exchange for legal services. The respon-

---

dent admitted the charge, and the Grievance Committee recommended a public censure as the appropriate discipline. We reject the recommended discipline and now suspend the respondent from the practice of law for one year.

This matter comes to us on a written stipulation of facts. The respondent was admitted to the practice of law in May 1985 and has no record of prior discipline. In July 1986 a person to whom we will refer as Mr. C. contacted the respondent regarding legal representation in a bankruptcy proceeding. When Mr. C. told the respondent that he could not afford to pay a legal fee, the respondent offered to provide legal services in exchange for marijuana. Mr. C. contacted the police, who arranged for the recording of several telephone conversations between the respondent and Mr. C. In these conversations the respondent refused to accept cocaine in exchange for legal services, but agreed to accept three ounces of marijuana and credit Mr. C. at the rate of $80 per ounce against any bill for legal services.

Mr. C. later agreed to give the respondent one-half pound of marijuana as an advance payment for legal services and, with the assistance of the police, brought approximately nine ounces of marijuana to the respondent's office in August 1986. Mr. C. gave the marijuana to the respondent and received in exchange a receipt for payment of $360 for legal services. After Mr. C. left the respondent's office, the police executed a search warrant for the office, seized the marijuana, and arrested the respondent.

Criminal charges were filed against the respondent, and on September 12, 1986, he entered a guilty plea to the class one misdemeanor of possession of less than eight ounces of marijuana. § 18–18–106(4)(a)(I), 8B C.R.S. (1986). The court sentenced the respondent to two years in the county jail, assessed a $5,000 fine plus court costs, and then deferred the execution of the sentence subject to the following conditions: that the respondent not violate any law for two years; that the respondent pay a $5,000 fine plus court costs; that the respondent

perform 400 hours of useful public service within one year; and that the respondent successfully undergo periodic urinalysis.

The respondent satisfactorily performed all the conditions ordered by the court. He contributed substantially more than 400 hours of free legal services by handling more than eighty bankruptcies without charge through the Thursday Night Program of the Denver Bar Association. He also voluntarily sought and obtained psychiatric counseling during this period of time.

The respondent testified before the Grievance Committee that he had never previously offered to exchange his legal services for illegal drugs and has not done so since the incident with Mr. C. He characterized his actions as "stupid" and candidly admitted that prior to August 1986 he had used marijuana for several years on a recreational basis at his home.

A hearing board concluded that the respondent had violated the Code of Professional Responsibility and the Colorado Rules of Civil Procedure in the following particulars: the respondent's conduct adversely reflected on his fitness to practice law in violation of DR 1–102(A)(6); the respondent counseled or assisted a client in conduct known to be illegal in violation of DR 7–102(A)(7); and the respondent, contrary to C.R.C.P. 241.6, violated the accepted standards of legal ethics, the highest standards of honesty or morality, and the criminal laws of the state. It was the recommendation of the hearing board that the respondent receive a public censure. In so recommending, the hearing board reasoned that the respondent had not been convicted of a "serious crime," that he had not engaged in "serious criminal conduct," and that the absence of any aggravating circumstances and the presence of the following mitigating circumstances warranted the recommended discipline: the absence of any prior disciplinary record; the absence of a dishonest or selfish motive; the full and free disclosure to, and cooperation with, the Disciplinary Counsel; the respondent's good character and reputation; the respondent's remorse and extraordinary

community service in providing free representation to persons through the Denver Bar Association's Thursday Night Program; and the respondent's voluntary efforts in seeking psychiatric treatment. A hearing panel of the Grievance Committee approved the recommendation of the hearing board. The Disciplinary Counsel filed exceptions to the recommended discipline, contending that the respondent did engage in "serious criminal conduct" and that the recommended discipline of a public censure was too lenient. After briefs were filed, we issued a rule directing the respondent to show cause why he should not be suspended from the practice of law. The respondent has answered the show cause order.

Since the recommendation of the Grievance Committee concerning discipline is advisory only and not binding on this court, we must independently resolve the appropriate form of discipline suitable to the circumstances of this case. *People v. Morley,* 725 P.2d 510, 518 (Colo.1986). Included within the grounds for discipline of a lawyer is "[a]ny act or omission which violates the criminal laws of this state." C.R. C.P. 241.6(5). A conviction of a criminal offense is not a prerequisite to the initiation of a disciplinary proceeding, nor is an acquittal necessarily a bar to disciplinary action. *Id.* C.R.C.P. 241.16 outlines the disciplinary procedures applicable to an attorney convicted of a crime. C.R.C.P. 241.-16(d) states that, upon receiving the name of any lawyer who has been convicted of a "serious crime," the supreme court shall issue a citation directing the convicted lawyer to show why his license to practice law should not be immediately suspended. A serious crime is defined in C.R.C.P. 241.-16(e) to include:

(1) Any felony; and

(2) Any lesser crime a necessary element of which, as determined by its statutory or common law definition, involves interference with the administration of justice, false swearing, misrepresentation, fraud, willful extortion, misappropriation, or theft; or an attempt or conspiracy to commit such crime; or solicitation of another to commit such crime.

While this definition of a "serious crime" is intended as a bright-line standard for purposes of imposing immediate suspension on a lawyer convicted of one of the enumerated offenses, it is not intended to foreclose this court's independent consideration of the seriousness of a lawyer's misconduct for purposes of determining the appropriate sanction to be imposed.

In determining the appropriate sanction for this case, we look to the American Bar Association (ABA) Standards for Imposing Lawyer Sanctions. The standards were adopted by the ABA House of Delegates in February 1986 and are designed to provide a principled framework for the imposition of sanctions on lawyers violating the Code of Professional Responsibility. *See People v. Grenemyer,* 745 P.2d 1027, 1029 (Colo. 1987). Standard 5.11(a) states in pertinent part that disbarment is generally appropriate when a lawyer engages in "serious criminal conduct," a necessary element of which includes "the sale, distribution or importation of controlled substances" or "an attempt or conspiracy or solicitation of another to commit any of these offenses." Disbarment is also generally appropriate when a lawyer engages in intentional conduct involving dishonesty or fraud that seriously reflects on the lawyer's fitness to practice law. *ABA Standards for Imposing Lawyer Sanctions* § 5.11(b). Suspension, on the other hand, is generally appropriate when a lawyer engages in criminal conduct that does not contain the aforesaid elements but seriously reflects in an adverse manner on the lawyer's fitness to practice law. *ABA Standards for Imposing Lawyer Sanctions* § 5.12.

We are satisfied that the hearing panel erred in concluding that the respondent's conduct did not constitute "serious criminal conduct" as defined in Standard 5.11 of the ABA Standards for Imposing Lawyer Sanctions. Although the crime to which the respondent pled guilty—possession of less than eight ounces of marijuana—did not qualify as "serious criminal conduct" under Standard 5.11, the misconduct to which the respondent stipulated clearly satisfied the definition of "serious criminal conduct."

The uncontroverted facts demonstrate that the respondent entered into a criminal conspiracy to receive nine ounces of marijuana as payment for his legal services.[1] Not only did the respondent participate in the distribution of an illegal drug by receiving the drug for his own use, he also solicited his client to commit a crime by obtaining the illegal drug and tendering it as a partial fee payment for legal services.[2] A lawyer accepting illegal drugs in exchange for legal services is engaging in criminal conduct no less serious than the knowing receipt of stolen property as partial payment of a legal fee. Such misconduct violates the most fundamental moral obligation owed by a lawyer to the public—to maintain personal honesty and integrity. *See ABA Standards for Imposing Lawyer Sanctions* § 5.11 Commentary. Egregious criminal misconduct of this sort is utterly intolerable and must be dealt with severely.[3]

Since the respondent did engage in "serious criminal conduct," we cannot accept the recommended sanction of a public censure. Such discipline would unduly depreciate the seriousness of the respondent's misconduct in the eyes of both the public and the legal profession. Although the respondent's misconduct would ordinarily merit the severe sanction of disbarment, we recognize that there are extraordinary mitigating circumstances in this case that may appropriately be considered in arriving at a fair disciplinary sanction. *See ABA Standards for Imposing Lawyer Sanctions* § 9.1 Commentary. In light of the mitigating factors outlined in the hearing board's recommendation, especially the respondent's exceptional efforts to rehabilitate himself and his previously unblemished record, we believe an appropriate sanction under the circumstances of this case is

suspension from the practice of law for one year. We hasten to add that were it not for these mitigating factors, we would have no hesitation in imposing the sanction of disbarment.

The respondent is accordingly suspended from the practice of law for a period of one year and is ordered to comply with the provisions of C.R.C.P. 241.21 relating to the termination of all legal matters, the giving of notice to all clients and opposing counsel, and the maintenance of appropriate records as proof of compliance. The respondent is further ordered to pay the costs of these proceedings in the amount of $229.71 by tendering this sum to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado, 80203, within ninety days of this date.

---

1. Conspiracy to sell or distribute marijuana is a class 4 felony. § 18–18–106(8)(b), 8B C.R.S. (1986 & 1988 Supp.).

2. Soliciting another to obtain possession of eight ounces or more of marijuana, a class 5 felony, § 18–18–106(4)(b), 8B C.R.S. (1986), is itself a class 5 felony. § 18–2–301, 8B C.R.S. (1986).

3. The respondent argues that our decisions in *People v. Simon*, 698 P.2d 228 (Colo.1985), and *People v. Driscoll*, 716 P.2d 1086 (Colo.1986), support the hearing panel's recommendation of a public censure. We disagree. Neither *Simon* nor *Driscoll* involved the lawyer's receipt of illegal drugs in exchange for legal services, nor did either case involve the lawyer's solicitation of such drugs as payment of his legal fee.