The PEOPLE of the State of Colorado, Complainant,

v.

Robin K. AULD, Attorney–Respondent.

No. 90SA65.

Supreme Court of Colorado, En Banc.

March 19, 1990.

George S. Meyer, Deputy Disciplinary Counsel, Denver, for complainant.

Haddon, Morgan & Foreman, P.C., Harold A. Haddon, Denver, for attorney-respondent.

PER CURIAM.

This disciplinary proceeding was resolved by stipulation with an agreement as to the material facts and a range of sanctions. We accept the stipulation and order that the respondent, Robin K. Auld, be suspended for a period of six months which shall become effective thirty days after the announcement of the opinion in this case. C.R.C.P. 241.21(a). The respondent is also assessed the costs of these proceedings.

The respondent has made a conditional admission of misconduct in exchange for a stipulated range of discipline. C.R.C.P. 241.18(a). The respondent has stipulated to the facts which precipitated the filing of charges of theft by receiving and possession of a dangerous weapon and this disciplinary proceeding. The stipulation provides:

a. In September of 1988, a La Plata County law enforcement task force consisting of the District Attorney and members of other law enforcement agencies sent an undercover agent to Respondent's office to pose as a client named "Colton Young."

b. Pursuant to this undercover plan, a fictitious misdemeanor charge was filed in La Plata County Court against "Colton Young."

c. On September 12, 1988, the undercover officer went to Respondent's office and claimed to be "Colton Young." The officer gave Respondent $500 as a retainer for representation in the misdemeanor case.

d. Thereafter, on September 23, 1988, the undercover officer asked Respondent if he would accept drugs for the balance of his fee. The Respondent declined to accept drugs in lieu of fees.

e. Subsequently, on October 28, 1988, the undercover officer asked the Respondent if he would accept firearms in lieu of the balance of his fee. The Respondent initially replied that he would not, and requested money for his fee. An additional conversation was then held during which the undercover officer told Respondent that he could not obtain any money to pay his fee.

f. On October 29, 1988, the undercover officer delivered to Respondent an Uzi fully automatic machine gun which he described to Respondent as being fully automatic and stolen. Respondent expressed surprise but nevertheless took the gun into his possession, advising the undercover officer that he was reluctantly accepting it as collateral.

g. Immediately after Respondent accepted the firearm, he was arrested and taken to the La Plata County Jail. After being interrogated at the jail concerning matters which are the subject of the Statement in Mitigation which is attached to this Stipulation, Respondent was charged with the crimes of theft by receiving and possession of a dangerous weapon. These charges were later dismissed by the District Court and this dismissal has been appealed by the prosecution.

As part of the stipulation, the respondent was permitted to file this statement in mitigation:

RESPONDENT is a forty-year old attorney who has never been the subject of previous discipline. Mr. Auld has been engaged in the practice of law in Durango, Colorado, since 1978. His practice is primarily concentrated on litigation of criminal, domestic relations and personal injury matters. In the course of his practice, he has represented controversial clients who were suspected of being involved in criminal activity, including drug trafficking.

In 1988, La Plata County law enforcement officials obtained a federal funding grant for the conduct of undercover activities aimed at drug trafficking. Several of Mr. Auld's clients were targeted by this undercover operation. The officers decided to approach Mr. Auld by having a undercover agent pose as a client. The plan was to offer drugs to Mr. Auld in lieu of fees. When Mr. Auld refused to accept drugs, however, the plan was revised and Mr. Auld was offered an automatic weapon.

Immediately upon transfer of the firearm, Mr. Auld was arrested and taken to the La Plata County jail. There, he was interrogated by the La Plata County District Attorney and a Durango police sergeant. He was told by these authorities that he was not the target of the investigation and he was promised that he would not be charged with a criminal offense if he would agree to be an informant.

Mr. Auld refused to become an informant and stated that the persons he would have to inform on were his clients.

Law enforcement officers have acknowledged that they knew the persons they had targeted were Mr. Auld's clients. Mr. Auld's refusal to become an informant in the face of a threatened criminal prosecution was consistent with his duty to deal honestly with his clients and respect their confidences. See *People v. Smith*, 778 P.2d 685 (Colo.1989) (two-year suspension imposed where attorney who feared drug prosecution tape-recorded his clients and became an informant against them).

Mr. Auld has been very active in voluntary charitable activities and community service throughout his residence in Durango, as evidence[d] by the attached letters of reference. Additionally, Mr. Auld is presently performing voluntary community service for the Archuleta County Community Service Coordinator and is also contributing significant time to pro bono consultation of indigent clients of the Southwest Legal Services agency.

The respondent admits that his conduct violated C.R.C.P. 241.6(2), (3), and (6), which prohibit acts or omissions that violate disciplinary rules, ethical standards and the highest standards of honesty, justice, and morality. He also confesses that he violated disciplinary rules in the Code of Professional Responsibility. DR 1–102(A)(5) (conduct that is prejudicial to the administration of justice), DR 1–102(A)(6) (conduct that adversely reflects on respondent's fitness to practice law). The stipulation suggests that the proper sanction for the respondent's misconduct is suspension within a range of three months to one year. We conclude that a suspension for six months is the proper sanction under the facts of this case.

In *People v. Davis*, 768 P.2d 1227 (Colo. 1989), we held that accepting one-half pound of marijuana in exchange for legal services warranted a one-year suspension from the practice of law. In the *Davis* case, the respondent was the one who sought to exchange his legal services for marijuana. In this case, the respondent was paid a $500 retainer and then was offered drugs to pay the balance of the fee to defend a bogus charge. When the respondent refused to accept drugs, the police undercover agent offered a Uzi machine gun for the balance of the fee and claimed that he could not obtain the cash to pay the fee. The respondent reluctantly accepted the Uzi machine gun as collateral after he was told that the weapon was stolen and when he knew that it was unlawful to possess the automatic weapon. The respondent was advised after he was arrested that he was not the target of the investigation and that the charges against him would be dropped if he would serve as an informant against clients he defended on drug charges. The respondent refused. Criminal charges and this disciplinary proceeding were then filed.

In *People v. Smith*, 778 P.2d 685 (Colo. 1989), we suspended a lawyer for two years for violating the attorney-client privilege and for informing on his client. In *Smith*, the respondent escaped criminal charges by recording conversations he had with his client for the police. A majority of the court concluded that a two-year suspension was proper but two members of the court dissented, asserting that disbarment was the proper sanction because Smith had breached the confidential attorney-client relationship and had participated in drug transactions in such a manner as to bring disrespect and dishonor to the legal profession.

Here, the respondent refused to compromise his clients' position in exchange for immunity and honored the attorney-client relationship which is sacrosanct. However, the respondent unlawfully agreed to participate in criminal activity by receiving an allegedly stolen automatic weapon. The American Bar Association Standards for Imposing Lawyer Sanctions states that suspension is generally appropriate when a lawyer knowingly engages in criminal conduct that seriously and adversely reflects on the lawyer's fitness to practice law. Standards for Imposing Lawyer Sanctions 5.12 (1986). Under the circumstances of this case, a six-month suspension is appropriate.

Accordingly, we order that the respondent, Robin K. Auld, be suspended for a period of six months effective thirty days after the announcement of this opinion. The respondent is ordered to pay the costs of these proceedings in the amount of $47.70, which shall be paid within thirty days from the date of this opinion, to the Supreme Court Grievance Committee, 600–17th Street, Suite 550–S, Denver, Colorado 80202–5434.