IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Victor A. MUSSALLEM, Attorney
at Law.

Supreme Court

*No. 90-1786-D. Filed January 29, 1991.*

(Also reported in 464 N.W.2d 674.)

CECI, J., dissents.

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that
the license of Victor A. Mussallem to practice law in
Wisconsin be suspended for a period of three months
and that conditions related to his use of alcohol and
prescription drugs be imposed on his license to practice

for one year thereafter as discipline for professional misconduct which resulted in his conviction in federal court, on a guilty plea, to one count of possession of a controlled substance by misrepresentation. We determine that the recommended license suspension and imposition of conditions is appropriate discipline for Attorney Mussallem's professional misconduct.

Attorney Mussallem was admitted to practice law in Wisconsin in 1968 and practices in Madison. He has not previously been the subject of a disciplinary proceeding. The referee is Attorney Linda S. Balisle.

On the basis of the parties' stipulation of facts, the referee found that between June, 1988 and April, 1989, Attorney Mussallem forged prescriptions for controlled substances by which he obtained numerous unprescribed refills of those substances. Attorney Mussallem pleaded guilty in federal court to one count of possession of a controlled substance by a misrepresentation, in violation of 21 U.S.C. Sec. 843(a)(3), and was sentenced to three months' imprisonment, followed by a one-year term of supervised release, and fined $2,500. He served his sentence in a federal medical facility in Minnesota, where he participated in a specialized program for drug and alcohol abuse. The referee concluded that Attorney Mussallem's conduct constitutes conduct involving dishonesty and misrepresentation, in violation of SCR 20:8.4(c).[1]

In making the recommendation of discipline, the referee specifically noted that Attorney Mussallem's motive for his misconduct was to obtain drugs for his

---

[1]SCR 20:8.4(c) provides:

**Misconduct.** It is professional misconduct for a lawyer to:

. . .

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

personal use, which he did by altering legitimate prescriptions he had obtained for the treatment of a chronic back problem and cluster headaches. The referee also acknowledged that the misconduct did not result in harm to any client and that Attorney Mussallem had provided information regarding his misconduct to the Board of Attorneys Professional Responsibility. Moreover, pursuant to a requirement of the sentence imposed in the federal court, Attorney Mussallem has not practiced law since February 2, 1990.

In addition to the three-month license suspension, the referee recommended that four conditions related to Attorney Mussallem's use of alcohol and drugs be imposed for a period of one year following the suspension. Attorney Mussallem filed a motion asking that those conditions be made retroactive to May 25, 1990, the day after he was released from the federal medical facility and commenced his one-year supervision on federal parole pursuant to his sentence. He asserted that the program of supervision was substantially identical to the conditions recommended by the referee. We decline to make the imposition of conditions retroactive and we note that the program of supervision Attorney Mussallem commenced in May, 1990 did not contain one of the four recommended conditions, namely, that Attorney Mussallem have drug counseling with a certified counselor.

We adopt the referee's findings of fact and conclusions of law and accept the recommendation of discipline. As we stated in *Disciplinary Proceedings Against Armstrong,* 144 Wis. 2d 385, 424 N.W.2d 208 (1988), in which we imposed similar discipline in response to an attorney's conviction in state court of three misdemeanor counts of obtaining a prescription drug by forgery or fraud, this conduct violated laws which an attor-

ney licensed to practice law is sworn to uphold. Notwithstanding that the conduct was unrelated to the practice of law and did not result in harm to his clients, it is of sufficient seriousness to warrant the suspension of Attorney Mussallem's license to practice law for three months and the imposition of the recommended conditions for a period of one year thereafter.

IT IS ORDERED that the license of Victor A. Mussallem to practice law in Wisconsin is suspended for a period of three months, commencing the date of this order.

IT IS FURTHER ORDERED that the conditions set forth in the referee's report are imposed on Attorney Mussallem's license to practice law for a period of one year, commencing three months following the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Victor A. Mussallem pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Victor A. Mussallem to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Victor A. Mussallem comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

CECI, J. (dissenting). In my view, a three-month license suspension is insufficient discipline in response

579

to a lawyer's commission of a felony involving substance abuse.