**The PEOPLE of the State of Colorado, Complainant,**

v.

**Janet Lynn MOORE, Attorney–Respondent.**

**No. 93SA46.**

Supreme Court of Colorado, En Banc.

March 29, 1993.

---

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Steven R. Newell, Denver, for attorney-respondent.

PER CURIAM.

The respondent in this attorney disciplinary proceeding and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and agreement and recommended that the respondent be suspended from the practice of law for six months, that she comply with the provisions of C.R.C.P. 241.22 with respect to reinstatement proceedings, and that she comply with certain supplementary conditions set forth in the stipulation. We accept the recommendation of the inquiry panel.

I

The respondent was admitted to the bar of this court on May 20, 1987, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). Although the respondent is a licensed attorney, she is also a social worker and has limited her practice of law since being admitted to the bar.

The following facts are set forth in the stipulation:

b. On October 16, 1990, respondent made and uttered a false and forged prescription for Phentermine, a schedule IV controlled substance[1] in violation of C.R.S. § 12–22–315 (1991).[2]

---

1. Phentermine is a schedule IV controlled substance "having a stimulant effect on the central nervous system...." § 18–18–206(2)(d)(VII), 8B C.R.S. (1992 Supp.).

2. Section 12–22–315, 5A C.R.S. (1991) (repealed effective July 1, 1992), provided in pertinent part:
   **Fraud and deceit.** (1)(a) No person shall obtain a controlled substance or procure the

c. On May 1, 1988, respondent made and uttered a false and forged prescription for Phentermine, a schedule IV controlled substance, in violation of C.R.S. § 12–22–315 (1991).

d. On November 26, 1990, respondent attempted to obtain a schedule IV controlled substance, Phentermine, by the forgery and alteration of a prescription and written order in violation of C.R.S. § 18–2–101 [criminal attempt] and § 12–22–315 (1991).

e. On January 13, 1992, respondent pled guilty to making and altering a false and forged prescription for Phentermine, a schedule IV controlled substance, in violation of C.R.S. § 12–22–315, a class-five felony; and criminal attempt to obtain a controlled substance by forgery and alteration, in violation of Colo.Rev. Stat. §§ 18–2–101 and 12–22–315, a class-six felony, in *People v. Janet Lynn Moore*, Case No. 91CR1279, Jefferson County District Court.

Pursuant to the terms of a stipulated order for deferred judgment and sentence entered by the trial court, the respondent agreed to participate in a drug abuse treatment program supervised by the First Judicial District for two years. The respondent began participation in the program on January 15, 1992, and has complied with all terms and conditions of the program, including the submission to periodic urinalysis tests. She has also participated in the addiction research and treatment services out-patient clinic at the University of Colorado Health Sciences Center since September 9, 1991. All of her urinalysis tests have been negative for the presence of illegal or illegally obtained substances.

The respondent also began psychiatric treatment in 1991. Her treating psychiatrist has reported that, at the time of the misconduct, the respondent was experiencing a "recurrent major depression of moderate severity" which she attempted to self-treat with the stimulant and anti-depressant Phentermine. The stipulation contains the following pertinent statements:

[The treating psychiatrist's] opinion establishes that there is medical evidence that the respondent was affected by a psychological dependency, if not chemical dependency, to Phentermine; this dependency caused the misconduct; the respondent's recovery from this dependency has been demonstrated by a short period of successful rehabilitation; and recurrence of the misconduct is remote.

The respondent admits that her conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); and C.R.C.P. 241.-6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

## II

The respondent's violation of section 12–22–315, 5A C.R.S. (1991), and her attempt to violate section 12–22–315, 5A C.R.S. (1991), constitute "serious crimes" as defined by C.R.C.P. 241.16(e). Making and altering a false and forged prescription for a schedule IV drug is a serious breach of professional ethics and warrants a substantial disciplinary sanction. *Cf. People v. Robinson*, 839 P.2d 4, 6 (Colo.1992) (conduct involving the possession and use of an illegal drug such as cocaine is a serious offense and such conduct warrants a substantial sanction). Two of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), are applicable.

administration of a controlled substance by fraud, deceit, misrepresentation, or subterfuge; or by the forgery or alteration of a prescription or of any written order; or by the concealment of a material fact; or by the use of a false name or the giving of a false address.

A first violation of § 12–22–315(1)(a) is a class 5 felony, § 12–22–315(2)(a). An attempt to violate the statute is a class 6 felony, § 18–2–101(5), 8B C.R.S. (1992 Supp.).

In the absence of aggravating or mitigating factors, disbarment is generally warranted when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or ...

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. These provisions apply to the respondent's deceitful conduct in obtaining and attempting to obtain the phentermine. On the other hand, in considering sanctions when attorney misconduct consists of possession or use of illegal drugs, we have considered ABA *Standards* 5.12, which states as follows: "Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." *Id.; see Robinson,* 839 P.2d at 6.

In this case we conclude, as did the inquiry panel, that a period of suspension is the appropriate sanction, notwithstanding the language of ABA *Standard* 5.12. This conclusion is consistent with the case law of other jurisdictions. *See, e.g., In re Lanford,* 260 Ga. 408, 396 S.E.2d 228 (1990) (twelve-month suspension appropriate for attorney convicted of five counts of felony obtaining drugs by fraudulent means in light of attorney's admitted addiction to prescription drug, absence of harm or injury to client, and other mitigating circumstances); *Attorney Grievance Comm'n v. Mandel,* 316 Md. 197, 557 A.2d 1329 (1989) (attorney convicted of obtaining schedule II drug by furnishing false and forged prescriptions was suspended pending receipt of current medical evidence that attorney was medically able to practice law and was

in fact drug-free); *Butler County Bar Ass'n v. Schaeffer,* 172 Ohio St. 165, 174 N.E.2d 103 (1961) (attorney convicted of obtaining narcotic drugs by forging prescriptions and uttering false prescription for narcotic drug suspended for an indefinite period); *In re Disciplinary Proceedings Against Mussallem,* 159 Wis.2d 576, 464 N.W.2d 674 (1991) (attorney's conviction on guilty plea of felony count of possession of controlled substance by misrepresentation warrant three-month suspension); *In re Disciplinary Proceedings Against Havey,* 144 Wis.2d 476, 424 N.W.2d 209 (1988) (conviction of three misdemeanor counts of obtaining prescription drug by forgery or fraud warrants three-month suspension); *see generally* Kristine Cordier Karnezis, Annotation, *Narcotics Conviction as Crime of Moral Turpitude Justifying Disbarment or Other Disciplinary Action Against Attorney,* 99 A.L.R.3d 288 (1980 & Supp.1992).

As the assistant disciplinary counsel agrees, the following mitigating factors are present in this case: (1) the respondent has no prior disciplinary history, ABA *Standards* 9.32(a); (2) she was undergoing personal or emotional problems at the time of the misconduct, *id.* at 9.32(c); (3) the respondent has made a full and free disclosure to the grievance committee and has cooperated throughout the proceedings, *id.* at 9.32(e); (4) other penalties and sanctions have been imposed as the result of the criminal proceedings, *id.* at 9.32(k); and (5) the respondent has demonstrated genuine remorse, *id.* at 9.32(*l*). Moreover, the circumstances of this case appear to satisfy the following provisions of ABA *Standards* 9.32(i) (Supp.1992):

(i) [M]ental disability or chemical dependency including alcoholism or drug abuse [may be considered as a mitigating factor] when:

(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

(2) the chemical dependency or mental disability caused the misconduct;

(3) the respondent's recovery from the chemical dependency or mental disabili-

ty is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of the misconduct is unlikely.

ABA *Standards* 9.32(i) (Supp.1992). Finally, we conclude that the respondent, though licensed as an attorney in 1987, is relatively inexperienced in the practice of law. ABA *Standards* 9.32(f).

In *People v. Abelman,* 744 P.2d 486 (Colo.1987), we imposed the sanction of a six-month suspension on an attorney who had entered a plea of guilty to unlawful use of controlled substances and had apparently demonstrated success in overcoming his addiction to cocaine in a drug treatment program. We also imposed certain supplementary conditions on the respondent in *Abelman,* including the condition that reinstatement be by petition. *Id.* at 488–89. Many of the same mitigating factors that were present in *Abelman* are also present here.

For the above reasons, we conclude that a six-month suspension, in conjunction with the conditions that the respondent has assented to, constitutes an appropriate sanction in this case.

### III

It is hereby ordered that Janet Lynn Moore be suspended from the practice of law for six months, effective thirty days after the date of this opinion. It is further ordered that the respondent shall satisfy the requirements of C.R.C.P. 241.22(b)-(d) in the event she applies for reinstatement. The respondent is also ordered to comply with all the terms and conditions contained in the stipulation, agreement, and conditional admission of misconduct, dated December 4, 1992, which she has heretofore executed. The respondent shall pay the costs of this proceeding, in the amount of $49.25, within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 500–S Dominion Plaza, 600—17th Street, Denver, Colorado 80202–5435.