The PEOPLE of the State of
Colorado, Complainant,

v.

Jerry Lee STEVENS, Attorney–
Respondent.

No. 93SA349.

Supreme Court of Colorado,
En Banc.

Jan. 24, 1994.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Larry S. Pozner, Denver, for attorney-respondent.

1. The respondent was admitted to the bar of this court on May 2, 1973, is registered as an attorney upon this court's official records, and is

PER CURIAM.

■ An inquiry panel of the Supreme Court Grievance Committee approved a stipulation, agreement, and conditional admission of misconduct between the respondent [1] and the assistant disciplinary counsel. *See* C.R.C.P. 241.18. In the stipulation, the respondent consented to the imposition of a suspension from the practice of law ranging from six months to one year and one day. The inquiry panel recommended that the respondent be suspended for one year and one day. We accept the stipulation and the inquiry panel's recommendation.

I

The stipulation recites the following facts and conclusions:

 a. Respondent is a part-time practitioner and was a part-time municipal judge for the city of Aurora. On September 3, 1991, respondent was arrested for purchasing $25.00 worth of crack cocaine from an Aurora Police Department informant.

 b. On September 4, 1991, respondent was released from jail after posting bail. He resigned from his job as part-time Municipal Judge in December, 1991.

 c. On December 4, 1992, in *People v. Jerry Lee Stevens,* 91CR1643, respondent pled guilty to unlawful use of a controlled substance, C.R.S. 18–18–104, a Class 5 felony.

 d. On March 4, 1993, [respondent] was placed on probation, ordered to perform two hundred hours of useful public service, and ordered to participate in such therapy program as is appropriate.

 e. The crime respondent has pled guilty to is a serious crime as defined under C.R.C.P. 241.16(e)(1), namely a felony.

The respondent stipulated that his conduct violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the

subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

United States constitutes ground for lawyer discipline).

## II

The respondent consented to the imposition of a suspension ranging from six months to one year and one day. The inquiry panel when it approved the stipulation recommended suspension for one year and one day.

■ The commission of serious offenses involving the use or possession of illegal drugs by an attorney warrants a substantial disciplinary sanction. *People v. Davis*, 768 P.2d 1227, 1229–30 (Colo.1989). In such cases we have generally applied Standard 5.12 of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*). *People v. Moore*, 849 P.2d 40, 43 (Colo.1993). Thus, in the absence of aggravating or mitigating factors, suspension is appropriate when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." *Id.* at 5.12.

We have had a number of disciplinary cases involving an attorney's use of cocaine in recent years. *See, e.g., People v. Robinson,* 839 P.2d 4 (Colo.1992) (deputy district attorney suspended for one year for use and possession of cocaine); *People v. Holt,* 832 P.2d 948 (Colo.1992) (attorney admitted to use of cocaine); *People v. Richtsmeier,* 802 P.2d 471 (Colo.1990) (admitted addiction to and abuse of cocaine); *People v. Smith,* 778 P.2d 685 (Colo.1989) (illegal purchase and use of cocaine); *People v. Geller,* 753 P.2d 235 (Colo.1988) (conviction of use of cocaine); *People v. Abelman,* 744 P.2d 486 (Colo.1987) (*Abelman I*) (attorney convicted of use of cocaine); *People v. Driscoll,* 716 P.2d 1086 (Colo.1986) (use of cocaine); *People v. Simon,* 698 P.2d 228 (Colo.1985) (conviction for use of cocaine).

The assistant disciplinary counsel has acknowledged the existence of the following mitigating factors: (1) the respondent has no prior disciplinary history, ABA *Standards* 9.32(a); (2) he has cooperated in the disciplinary proceedings, *id.* at 9.32(e); (3) the respondent has a favorable character or reputation, *id.* at 9.32(g); (4) other penalties or sanctions have been imposed on the respondent, *id.* at 9.32(k); and (5) the respondent has demonstrated remorse, *id.* at 9.32(*l*). We also assume for the purpose of these proceedings the presence of some interim rehabilitation.

The attorney-respondent in *Abelman I,* 744 P.2d 486, had pleaded guilty to the use of cocaine. We suspended him for six months and imposed the requirement that reinstatement be by petition. *Id.* at 489. In *Robinson,* 839 P.2d 4, we suspended the respondent, who was a deputy district attorney, for one year after he pleaded guilty to simple possession of cocaine in federal district court. We distinguished *Abelman I* by noting that although "[a]ll attorneys must abstain from criminal conduct," the respondent in *Robinson* "undertook an even higher responsibility to the public with respect to this obligation by virtue of his public office as an attorney engaged in law enforcement." 839 P.2d at 6. The assistant disciplinary counsel points out that because the respondent in this case was a judicial officer at the time of the misconduct, he committed an even more serious betrayal of duty to the judicial system than the respondent in *Robinson.* We agree.

Moreover, the respondent in *Robinson* was inexperienced in the practice of law at the time of the misconduct, while the respondent in this case had substantial experience, an aggravating factor, ABA *Standards* 9.22(i). We conclude that suspension for one year and one day is appropriate, and we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel. At least one member of the court, however, would impose a more severe sanction and would therefore reject the stipulation.

## III

It is hereby ordered that Jerry Lee Stevens be suspended from the practice of law for one year and one day, commencing thirty days from the date of this opinion. It is further ordered that Stevens pay the costs of this proceeding in the amount of $47.52 within thirty days after the announcement of this

opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202. Stevens shall not be reinstated until after he has complied with C.R.C.P. 241.-22(b)–(d).

SCOTT, J., does not participate.