The PEOPLE of the State of Colorado, Complainant,

v.

Ari B. GOULD, Attorney–Respondent.

No. 96SA55.

Supreme Court of Colorado, En Banc.

March 18, 1996.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Harvey A. Steinberg, Denver, for Attorney–Respondent.

PER CURIAM.

This lawyer discipline proceeding comes to us on a stipulation, agreement and conditional admission of misconduct between the respondent and the assistant disciplinary counsel. C.R.C.P. 241.18. The conditional admission recommended that the respondent be publicly censured for possession of a controlled substance, cocaine. An inquiry panel of the supreme court grievance committee approved the conditional admission including the recommendation of a public censure. We accept the conditional admission and the inquiry panel's recommendation.

## I

The respondent was admitted to practice law in Colorado in 1993. The parties stipulated to the following facts and disciplinary violations.

a. On April 18, 1995, at approximately 9:00 a.m., respondent entered the Adams County Courthouse. As he passed through security, his briefcase was searched. One of the security officers discovered a small vial in a zippered pocket of the briefcase.

b. The small vial discovered by the security officer contained residue amounts of cocaine, a controlled substance under state and federal laws.

c. Respondent was charged with possession of a controlled substance in Adams County District Court.

d. On May 23, 1995, respondent entered into a stipulation with the district attorney's office, which was approved by the court, whereby respondent was granted a one-year deferred prosecution conditioned on his participation in the Adult Diversion Program. The case against respondent will be dismissed by the district attorney due to respondent's completion of the stipulations of the deferred prosecution. . . .

e. Respondent agreed to continue private psychotherapy with Dr. Antoinette Anker, and random urinalysis tests. Respondent had begun seeing Dr. Anker on his own prior to entering into the agreement with the district attorney.

f. Respondent admits that the vial containing the cocaine was left at his residence by [another person] who had been visiting. He further admits that he used some of that cocaine.

g. Respondent violated state and federal laws concerning possession of a controlled substance.

As the respondent has stipulated, the foregoing conduct violated R.P.C. 8.4(h) (engage in conduct that adversely reflects on the lawyer's fitness to practice law), and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

## II

In approving the conditional admission, the inquiry panel recommended a public censure. The respondent's admitted possession and use of cocaine would normally warrant suspension:

The commission of serious offenses involving the use or possession of illegal drugs by an attorney warrants a substantial disciplinary sanction. *People v. Davis,* 768 P.2d 1227, 1229–30 (Colo.1989). In such cases we have generally applied Standard 5.12 of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*). *People v. Moore,* 849 P.2d 40, 43 (Colo.1993). Thus, in the absence of aggravating or mitigating factors, suspension is appropriate when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." *Id.* at 5.12.

*People v. Stevens,* 866 P.2d 1378, 1379 (Colo. 1994) (lawyer suspended for one year and one day for purchasing $25 worth of crack cocaine while serving as a judicial officer). A number of the mitigating factors raised by the complainant and the absence of aggravating factors have persuaded us to accept the conditional admission, however.

The respondent has no history of previous discipline, which is a mitigating factor under ABA *Standards for Imposing Lawyer Sanctions* (ABA *Standards* ) 9.32(a) (1991 & 1992 Supp.). In addition, there is the absence of a dishonest or selfish motive, *id.* at 9.32(b); the respondent has made full and free disclosure to the disciplinary counsel, *id.* at 9.32(e); other penalties or sanctions have been imposed, *id.* at 9.32(k); and the respondent has demonstrated remorse, *id.* at 9.32(*l* ).

The assistant disciplinary counsel indicates that the respondent has never been accused of any neglect of a legal matter, and that there is no evidence that the respondent has a cocaine addiction. Moreover, the respondent has fully complied with the terms of his deferred prosecution, resulting in his early termination from that program. Under these circumstances, we have decided to accept the conditional admission and the inquiry panel's recommendation.

### III

Accordingly, Ari B. Gould is hereby publicly censured. It is ordered that the respondent pay the costs of this proceeding in the amount of $49.25 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.