(October 4, 1984)

■ In the Matter of MELVIN T. HIGGINS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Petitioner moves to confirm a referee's report which sustained a charge of professional misconduct against respondent, an attorney admitted to practice in this department on July 11, 1972. Respondent, who maintains a law office in Kingston, New York, cross-moves to confirm that part of the report finding substantial mitigating circumstances and to disaffirm that part sustaining the charge.

Respondent was charged with professional misconduct, in violation of DR 1-102 (A) (3), (5) and (6) of the Code of Professional Responsibility, stemming from his arrest on a felony charge of criminal possession of marihuana in the second degree and his plea of guilty to the charge of criminal possession of marihuana in the fourth degree, a class A misdemeanor, in satisfaction of the original charge. The report found that the marihuana seized from respondent was possessed for his own personal use and not for the purpose of sale.

In these circumstances, we cannot confirm that part of the referee's report which found respondent guilty of illegal conduct involving moral turpitude based on his conviction (DR 1-102 [A] [3]). The crime to which respondent pleaded does not involve a grave infringement of the moral sentiment of the community, but rather is criminal by virtue of its statutory prohibition. Furthermore, we do not confirm that part of the referee's report finding respondent's conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5). At no time did respondent's crime disadvantage a client, or impede or impair the

quality, competence, reliability and trustworthiness of his professional conduct and the fulfillment of his professional obligations. At all times respondent cooperated with the authorities and made no effort to impede the functioning of the judicial system.

However, we sustain that part of the referee's report which found a violation of DR 1-102 (A) (6). Respondent's conviction necessarily reflects adversely upon the legal profession in the public view and on his own fitness to practice law. Accordingly, petitioner's motion and respondent's cross motion are granted only to the extent noted above and are otherwise denied.

In consideration of the type and kind of charge sustained and of respondent's previously unblemished record, his cooperation with the authorities, and of the testimony, affidavits and letters attesting to his reputation in the community for integrity, competency and decency, we deem a censure to be the appropriate penalty.

Respondent censured. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.