### The PEOPLE of the State of Colorado, Complainant,

v.

### William H. EBBERT, Attorney– Respondent.

### No. 94SA79.

Supreme Court of Colorado, En Banc.

May 2, 1994.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Larry D. Sather, Denver, for attorney-respondent.

PER CURIAM.

An inquiry panel of the Supreme Court Grievance Committee approved a stipulation, agreement, and conditional admission of misconduct entered into between the respondent and the assistant disciplinary counsel. The relevant portions of the stipulation are set out in the Appendix to this opinion. The parties recommended in the stipulation that the respondent be suspended from the practice of law for a period of time ranging from thirty to ninety days. In approving the stipulation, the inquiry panel recommended that the respondent be suspended for thirty days, and stated that "[t]his determination was based on the Inquiry Panel's desire to encourage voluntary self-reporting of drug and alcohol problems."

The respondent has no previous record of discipline. After reviewing the stipulation and taking into account the mitigating factors noted by the assistant disciplinary counsel, we find it appropriate to accept the stipulation and the panel's recommendation. At least one member of the court, however, would have rejected the stipulation and remanded the matter to the grievance committee for further proceedings.

Accordingly, it is hereby ordered that William H. Ebbert be suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that the respondent pay the costs of this proceeding in the amount of $49.02 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

*Appendix to opinion of Supreme Court, State of Colorado, in People v. Ebbert, 94SA79*

Case No. GC 92A–73.
### BEFORE THE GRIEVANCE COMMITTEE THEREOF

### STIPULATION, AGREEMENT, AND CONDITIONAL ADMISSION OF MISCONDUCT

NOW on this 8th day of October, 1993, Kenneth B. Pennywell, Assistant Disciplinary Counsel and attorney for Complainant; Larry D. Sather, counsel for respondent; and William Herb Ebbert, respondent; enter into the following Stipulation, Agreement, and Conditional Admission of Misconduct and submit the same to Inquiry Panel B and the Colorado Supreme Court for their consideration.

1. Respondent has taken and subscribed the Oath of Admission, was admitted to the Bar of this Court on October 16, 1981, and is registered as an attorney upon the official records of this Court, Registration No. 11272. He is accordingly subject to the jurisdiction of this Court and its Grievance Committee in these proceedings....

. . . .

6. With respect to the allegations contained in the Complaint, respondent and Complainant stipulate to the following facts and conclusions:

### COUNT I

a. Respondent was appointed as counsel for ... a criminal defendant, whose

murder conviction had been appealed to the Court of Appeals.

b. On November 8, 1989, the Court of Appeals granted a limited remand for pursuit of a C.R.Crim.P. 35(c) motion based on ineffective assistance of counsel.

c. Respondent was appointed to represent [the defendant] on January 30, 1990.

d. The Public Defender's Office continued to file monthly status reports with the Court of Appeals until September 19, 1990, when the Court ordered respondent to file such reports.

e. On October 31, 1990, the court clerk telephoned respondent regarding his failure to file reports.

f. When no reports were received, the Court issued a Show Cause Order on December 7, 1990, as to why the appeal should not be recertified to the Court of Appeals for failure to file any status reports.

g. Respondent filed his first status report and contemporaneously responded that his secretary had lost or erased the tapes of the previous status reports.

h. On December 28, 1990, the Court ordered monthly reports to continue and stated that if the remand was not resolved by March 4, 1991, the remand would be vacated.

i. No additional reports were filed by respondent.

j. By order dated March 7, 1991, the Court of Appeals vacated the remand, recertified the case to the Court of Appeals, and set the due date for the opening brief as April 8, 1991.

k. When [the defendant] received a copy of the Court's order, he made death threats to the respondent.

l. The Public Defender's Office moved to reinstate the remand and moved for an extension of time to file the pending brief.

m. On May 15, 1991, the Court of Appeals ordered respondent and the Public Defender to appear before the Court on May 31, 1991.

n. Respondent was hospitalized from May 8, 1991, through June 6, 1991 and was not made aware of the hearing as ordered by the Court of Appeals and thus did not appear.

o. After its meeting with the Public Defender on June 3, 1991, the Court of Appeals remanded the case to the trial court for appointment of new private counsel and determination of the 35(c) motion.

. . . .

q. The foregoing conduct of the respondent violates Rule 241.6 of the Colorado Rules of Civil Procedure, and also violates the Code of Professional Responsibility, DR 1–102(A)(1), DR 1–102(A)(5), DR 6–101(A)(3) and DR 7–101(A)(2).

## COUNT II

r. At the time of the meeting between the Court of Appeals and the Public Defender on June 3, 1991, respondent was in the hospital, and neither respondent nor his secretary were aware of the Court of Appeals May 15, 1991 Order.

s. Respondent had hospitalized himself voluntarily from May 8 through June 6, 1991, for cocaine abuse.

. . . .

u. Respondent's use of an illegal substance violates Rules 241.6 and 241.6(5) of the Colorado Supreme Court Rules concerning discipline of attorneys and also violates the Code of Professional Responsibility, DR 1–102(A)(1) and DR 1–102(A)(6).

. . . .

## ANALYSIS OF DISCIPLINE

Complainant . . . submits the following Analysis of Discipline in the above-entitled matter:

As to Count I . . ., respondent failed to file monthly status reports, as ordered by the Court of Appeals. . . .

Between January 1990 and June 1991, respondent ·neglected to take any significant action on behalf of the . . . appeal. The basis of the . . . appeal was ineffective assistance

of counsel at the trial level. The likelihood that the appeal would have been sustained is speculative at best. Hence, the actual harm was the fact that due to respondent's neglect and inactions, a ruling on the appeal was delayed in excess of one year.

Standing alone, this conduct would warrant a reprimand (public censure)....

In Count II, respondent admitted to the use of cocaine. ABA *Standard*, § 5.12 provides that:

> Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in *Standard*, § 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

Respondent has never been formally charged or convicted of any cocaine or substance abuse related crime. To illustrate the application of *Standard* § 5.12, the commentary provides, "As in the case of disbarment, a suspension can be imposed even where no criminal charges have been filed against the lawyer."

This court has consistently suspended lawyers for conduct involving possession of cocaine or other illegal substances. Most of the cases, however, have also involved criminal convictions....

The Court, however, has also suspended an attorney for use of cocaine when there was only his self-admitted use during the disciplinary proceeding itself. *People v. Richtsmeier*, 802 P.2d 471 (Colo.1990) (one year and one day suspension for neglect of a client's case and admitted cocaine addiction)....

There are considerable mitigating circumstances present in this matter. The respondent has no record of prior discipline, *Standard* 9.32(a). The respondent at the time of his misconduct had personal or emotional problems, *id.* at 9.32(c); the respondent has received interim rehabilitation, *id.* at 9.32(j); and respondent essentially self-reported his illegal use of cocaine.

Of significance is the fact that respondent voluntarily hospitalized himself from May 8 through June 6, 1991, for cocaine abuse. In addition to his hospitalization, he underwent a twelve week after-care program and now attends weekly group meetings. At this time, respondent has over a year of sustained recovery from his drug addiction.

. . . .

A period of suspension is clearly warranted. However, since the instant matter does not involve a felony conviction and came to the attention of the Disciplinary Counsel because of respondent's self-report, and after weighing the recent case law and mitigating factors, the undersigned recommends to the Inquiry Panel and the Court, imposition of a suspension in the range of thirty (30) days to ninety (90) days.