COLUMBUS BAR ASSOCIATION *v.* BAKER.

[Cite as *Columbus Bar Assn. v. Baker* (1995), 72 Ohio St.3d 21.]

(No. 94–1860—Submitted January 25, 1995—Decided April 12, 1995.)

22

*Bruce A. Campbell* and *Thomas M. Tyack,* for relator.

*Dennis W. McNamara,* for respondent.

*Per Curiam.* We have reviewed the record and agree with the board's findings of misconduct. We also agree with the sanction recommended by the board, despite respondent's objection that the requirement to renew his two-year contract with the Ohio Lawyers' Assistance Program extends his probation period unnecessarily.

Respondent complains that his probation will effectively last into 1998 if he is required to renew the OLAP contract when it expires in 1996. We, however, do not consider this requirement unreasonable. As testimony in this record substantiates, an addict's recovery is never absolute. Relapse is a major characteristic of the disease, and respondent has already displayed this characteristic once.

Accordingly, we order that respondent be suspended from the practice of law for a period of six months, but the suspension is to be stayed in favor of a two-year probation period beginning on the date of our decision. Respondent's probation is subject to the conditions recommended by the board. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, PFEIFER and COOK, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I dissent since I believe that the misconduct is of such a serious nature that an actual suspension from the practice of law is warranted. Therefore, I would suspend respondent for one year, with six months suspended upon condition that respondent be placed on probation for a period of one year, with the probationary period commencing upon the expiration of the six-month actual suspension.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.