**[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 21.]**

COLUMBUS BAR ASSOCIATION *v.* BAKER.

[Cite as *Columbus Bar Assn. v. Baker*, 1995-Ohio-77.]

*Attorneys at law—Misconduct—Six-month suspension stayed in favor of two-year*
*probation with conditions to begin on date of Supreme Court's decision—*
*Sexually harassing female employee—Addiction to cocaine.*

(No. 94-1860—Submitted January 25, 1995—Decided April 12, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 93-37.

_____

{¶ 1} Relator, Columbus Bar Association, charged respondent, Blaise
Baker of Columbus, Ohio, Attorney Registration No. 0031580, with two counts of
misconduct involving violations of, *inter alia*, DR 1-102(A)(3) (illegal conduct
involving moral turpitude) and 1-102(A)(6) (conduct that adversely reflects on
fitness to practice law). A panel of the Board of Commissioners on Grievances and
Discipline of the Supreme Court heard the matter on June 13, 1994, upon
admissions and stipulations that respondent had committed the cited misconduct.

{¶ 2} Count One of the complaint accused respondent of having sexually
harassed a female employee, and Count Two alleged his addiction to cocaine. The
stipulations established, in part, that:

"At some point prior to 1992[,] Respondent became a user of cocaine and *
* * alcohol. During 1992[,] Respondent's substance abuse increased both as to
frequency and quantity. Respondent became addicted to cocaine. * * * During
1992[,] Respondent's personal life and business affairs suffered and deteriorated as
a result of his substance abuse. * * * During the summer of 1992, Respondent
employed a female high school student, then 17 years of age, to work in his office.
She performed a variety of clerical and other duties in the office and filed

documents at Court. * * * On various occasions[,] Respondent used inappropriate, vulgar, sexually explicit or sexually suggestive language in the presence of this student employee. She was embarrassed or disgusted by this language. * * * Respondent failed to timely pay his student employee wages that she had earned. Wages owed for late July and early August, 1992 were not paid until September 14, 1992, after the employee had filed her complaint with the Columbus Bar Association."

{¶ 3} The panel determined that respondent had violated DR1-102(A)(3) and (A)(6) as alleged in both counts of the complaint. Before recommending a sanction for this misconduct, the panel considered respondent's efforts to recover from addictions to cocaine and alcohol.

{¶ 4} Respondent has abstained from alcohol and cocaine since October 27, 1992, when he voluntarily entered a hospital for treatment in a two-week substance abuse program. Since then, he has remained under the care of a psychiatrist, regularly attended Alcoholics Anonymous meetings, and participated in an on-going out-patient counseling program. Respondent admits that he relapsed after treatment prior to his hospitalization in 1992; however, the Clinical Director of the Ohio Lawyers' Assistance Program ("OLAP"), which respondent joined in the fall of 1993, testified that respondent's tests for alcohol and drug use have been negative. Respondent entered a two-year contract with OLAP, effective January 31, 1994, that requires him to abstain from all mood-altering substances, attend counseling meetings as directed, submit to random testing, cooperate with any attorney monitor, facilitate contact with his physician, and report monthly on his progress.

{¶ 5} Respondent's prognosis for continuing recovery is encouraging, according to medical and other witnesses to his treatment, and he has resumed his practice of law with success.

**{¶ 6}** The panel recommended that respondent be suspended from the practice of law for a period of six months, but that his suspension be stayed during a two-year probation period to begin on July 18, 1994. As a condition of probation, the panel recommended that respondent be required (1) to comply with the terms of his contract with OLAP, as well as with any other acts OLAP requires, and (2) to renew the present contract for an additional two years after its expiration in 1996. The board adopted the panel's findings of misconduct and recommendation with the modification that respondent's probation begin on the date of a final decision in this case.

_____

*Bruce A. Campbell* and *Thomas M. Tyack*, for relator.

*Dennis W. McNamara*, for respondent.

_____

***Per Curiam.***

**{¶ 7}** We have reviewed the record and agree with the board's findings of misconduct. We also agree with the sanction recommended by the board, despite respondent's objection that the requirement to renew his two-year contract with the Ohio Lawyers' Assistance Program extends his probation period unnecessarily.

**{¶ 8}** Respondent complains that his probation will effectively last into 1998 if he is required to renew the OLAP contract when it expires in 1996. We, however, do not consider this requirement unreasonable. As testimony in this record substantiates, an addict's recovery is never absolute. Relapse is a major characteristic of the disease, and respondent has already displayed this characteristic once.

**{¶ 9}** Accordingly, we order that respondent be suspended from the practice of law for a period of six months, but the suspension is to be stayed in favor of a two-year probation period beginning on the date of our decision. Respondent's

probation is subject to the conditions recommended by the board.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, PFEIFER and COOK, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., dissent.

_____

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 10} I dissent since I believe that the misconduct is of such a serious nature that an actual suspension from the practice of law is warranted.  Therefore, I would suspend respondent for one year, with six months suspended upon condition that respondent be placed on probation for a period of one year, with the probationary period commencing upon the expiration of the six-month actual suspension.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.

_____