The PEOPLE of the State of
Colorado, Complainant,

v.

David Edmund MADRID, Attorney–
Respondent.

No. 98SA370.

Supreme Court of Colorado,
En Banc.

Nov. 9, 1998.

Linda Donnelly, Disciplinary Counsel,
Kenneth B. Pennywell, Assistant Disciplinary
Counsel, Denver, Colorado, Attorneys for
Complainant.

Howard I. Rosenberg, Denver, Colorado,
Attorney for Attorney–Respondent.

PER CURIAM.

This lawyer discipline case involves a stipulation, agreement, and conditional admission of misconduct between the complainant and the respondent, David Edmund Madrid. See C.R.C.P. 241.18. The conditional admission, which included a recommendation that Madrid be suspended for three years from the practice of law, was approved by an inquiry panel of the grievance committee. We now accept the conditional admission and order that Madrid be suspended for three years.

I.

David Edmund Madrid was admitted to practice law in Colorado in 1980. He was immediately suspended from the practice of law on November 13, 1997 until further order of the court based on some of the allegations in this case. The conditional admission provides as follows.

A.

An individual was arrested on July 9, 1996 and charged with three counts of distributing marihuana, a felony. This individual hired Madrid on July 24, 1996 to represent him. On Friday, January 31, 1997, four days before the trial date, Madrid filed a motion to continue the trial and to withdraw. The motion stated that his client had. not paid him, and that Madrid could not afford to travel to the location of the jury trial. Madrid did not request a hearing before the date of trial so the court did not rule on the motion. Madrid did not appear at the trial on February 4. The court vacated the jury trial, but denied the motion to withdraw. The court ordered Madrid to appear on March 3, 1997 to explain his conduct. The prosecution filed a motion for Madrid to be held in contempt. On November 10, 1997, the court found Madrid in contempt for failing to appear at the trial, and assessed a $500 fine and $625 in costs against him. Madrid's former client was represented by a public defender at trial.

Madrid stipulated that his conduct violated Colo. RPC 1.3 (neglecting a legal matter entrusted to a lawyer) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

B.

While at a friend's house on January 31, 1997, Madrid consumed an alcoholic beverage. According to Madrid, because of his low tolerance for alcohol, he became intoxicated. He left the friend's house operating a motor vehicle belonging to an acquaintance. He ran into the rear of another vehicle caus-

ing property damage but no injuries. When the police arrived, Madrid failed a roadside sobriety test. He refused to submit to the breath or blood testing as required by the express consent statute. See § 42–4–1301(7)(a)(II), 11 C.R.S. (1998). As a result, his driver's license was suspended for a period of one year.

Madrid was charged with driving under the influence of alcohol, careless driving, expired driver's license, and no proof of insurance. On June 26, 1997, he pleaded guilty to driving while ability impaired and no proof of insurance. As he has admitted, his conduct violated Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on the fitness to practice law) and C.R.C.P. 241.6(5) (violating the criminal laws of a state or the United States).

## C.

The stipulated facts indicate that Madrid accepted one ounce of cocaine as payment for legal services from a person he believed to be a client facing drug charges. Madrid was arrested on May 16, 1997 by the Denver Police Department Narcotics Unit. He was charged with possession of a Schedule II controlled substance, cocaine. On August 28, 1997, Madrid pleaded guilty to possession of a Schedule I or II controlled substance, cocaine, a class 4 felony. This is a serious crime for lawyer discipline purposes. See C.R.C.P. 241.16(e)(1). He received a deferred judgment and sentence of four years, with conditions.

Madrid's conduct again violated Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on the fitness to practice law) and C.R.C.P. 241.6(5) (violating the criminal laws of a state or the United States).

## II.

The inquiry panel approved the conditional admission and recommended that Madrid be suspended for three years. The parties agree that the most serious ethical misconduct is Madrid's conviction for possession of cocaine, especially since he received the cocaine in lieu of legal fees, and it was there-

fore directly connected with the practice of law. We have previously held that:

> The commission of serious offenses involving the use or possession of illegal drugs by an attorney warrants a substantial disciplinary sanction. *People v. Davis,* 768 P.2d 1227, 1229–30 (Colo.1989). In such cases we have generally applied Standard 5.12 of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*). *People v. Moore,* 849 P.2d 40, 43 (Colo.1993). Thus, in the absence of aggravating or mitigating factors, suspension is appropriate when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." *Id.* at 5.12.

*People v. Stevens,* 866 P.2d 1378, 1379 (Colo. 1994) (suspending lawyer for one year and one day for purchasing $25 worth of crack cocaine while serving as a judicial officer). This case is more serious than *Stevens* because of the cocaine's close connection with Madrid's practice of law.

We suspended the lawyer in *People v. Davis,* 768 P.2d 1227, 1229 (Colo.1989) for one year for accepting one-half pound of marihuana in exchange for legal services. Davis was convicted of possession of less than eight ounces of marihuana, a class 1 misdemeanor. *See id.* at 1228. Madrid was convicted of the more serious offense of possession of cocaine, a class 4 felony.

There are also aggravating factors to take into account. Madrid received a letter of admonition in 1982, and he was suspended for one year and one day in 1985 for engaging in conduct prejudicial to the administration of justice and for neglecting a legal matter. *See People v. Madrid,* 700 P.2d 558, 560 (Colo.1985). Prior discipline is an aggravating factor for determining the appropriate sanction. *See* ABA *Standards* 9.22(a). Other aggravating factors include the existence of multiple offenses, *see id.* at 9.22(d); substantial experience in the practice of law, *see id.* at 9.22(i); and illegal conduct involving the use of controlled substances, *see id.* at 9.22(k).

According to the complainant, the following mitigating factors are present: the existence of personal problems, *see id.* at 9.32(c); other sanctions or penalties have been imposed, *see id.* at 9.32(k); remorse, *see id.* at 9.32(l); and the prior disciplinary offenses were remote in time, *see id.* at 9.32(m). This last mitigating factor is not entitled to much weight, however, since Madrid was not reinstated from his 1985 suspension until 1991.

ABA *Standards* 9.32(i) (1992 Supp.) provides that:

(i) mental disability and chemical dependency [may be considered as a mitigating factor] when:

(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

(2) the chemical dependency or mental disability caused the misconduct;

(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

The complainant asserts that while conditions (1) and (2) above are met, it is too soon to tell whether Madrid has recovered from his chemical dependency on cocaine or whether the recurrence of misconduct is unlikely. *Cf. People v. Boyer,* 934 P.2d 1361, 1364 (Colo.1997) (according great weight to mitigating factor of lawyer's apparent recovery from mental disability and chemical dependency).

Considering the seriousness of the offenses in conjunction with the aggravating and mitigating factors, we conclude that a three-year suspension is appropriate. We therefore accept the conditional admission and the inquiry panel's recommendation. At least two members of the court would reject the conditional admission as too lenient.

### III.

Accordingly, it is hereby ordered that David Edmund Madrid be suspended from the practice of law for three years, effective immediately upon the issuance of this opinion. It is further ordered that Madrid pay the costs of this proceeding in the amount of $48.00 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435. Madrid shall not be reinstated until he has undergone reinstatement proceedings pursuant to C.R.C.P. 251.29.