J-S55037-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA

        Appellee             :
                                      :

       v.                      :
                                      :

EDWARD NICHOLAS WRIGHT, JR.,     :
                                      :

        Appellant            :     No. 70 MDA 2017

Appeal from the PCRA Order November 23, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0000490-1997,
CP-36-CR-0002538-1997, CP-36-CR-0002539-1997

BEFORE:    DUBOW, RANSOM, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED SEPTEMBER 19, 2017**

Edward Nicholas Wright, Jr. (Appellant) appeals from the November 23, 2016 order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 1998, after a jury trial, Appellant was found guilty of six counts of robbery, two counts of aggravated assault, and seven counts of criminal conspiracy.  He was sentenced to an aggregate term of 35 to 70 years of incarceration.[1]  This Court denied Appellant relief on direct appeal, and his judgment of sentence became final in 2000 after our Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Wright***, 739 A.2d

---

[1] Appellant was sentenced pursuant to mandatory minimum sentences for committing a crime while possessing a firearm. ***See*** 42 Pa.C.S. § 9712(a). ***See also Commonwealth v. Valentine***, 101 A.3d 801, 811 (Pa. Super. 2014) (*en banc*) (holding this statute unconstitutional).

*Retired Senior Judge assigned to the Superior Court.

573 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 747 A.2d 368 (Pa. 1999).

On March 18, 2016, Appellant *pro se* filed the PCRA petition at issue in this appeal, claiming that his sentence is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury). Counsel was appointed, and on September 13, 2016, counsel filed a motion to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On October 18, 2016, the PCRA court issued a notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907, concluding that Appellant's petition was filed untimely and that this Court's holding to ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016),[2] precluded the application of any exception to the timeliness requirements of the PCRA based upon the ***Alleyne*** decision. Thus, the PCRA court granted counsel's petition to withdraw and permitted Appellant 20 days to file a response. Appellant filed a response, and on November 23, 2016, the PCRA court dismissed Appellant's PCRA petition.

---

[2] In ***Washington***, our Supreme Court held that ***Alleyne*** does not apply retroactively to cases on collateral review.

Appellant timely filed a notice of appeal.[3]  The PCRA court did not order that Appellant file a Pa.R.A.P. 1925(b) statement, but issued a Pa.R.A.P. 1925(a) statement, which relied on the reasoning of its October 18, 2016 notice and order.

On appeal, Appellant claims that the **Alleyne** decision should apply retroactively to invalidate his sentence for two reasons: 1) because pursuant to **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), section "9712 is void *ab initio*;" and 2) because his situation is distinguishable from **Washington**.[4] Appellant's Brief at 17.

The timeliness of a post-conviction petition is jurisdictional.  **See**, **e.g.**, **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f

---

[3] The order denying Appellant's petition was entered on the docket on November 23, 2016.  He had 30 days, or until December 23, 2016, to file timely a notice of appeal. **See** Pa.R.A.P. 903(a).  Appellant's notice of appeal was not docketed until December 27, 2016.  However, pursuant to the prisoner mailbox rule, a *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox. **Commonwealth v. Wilson**, 911 A.2d 942 (Pa. Super. 2006). Instantly, Appellant dated his notice of appeal December 18, 2016. Moreover, December 23, 2016 was a Friday, and due to the holiday schedule, the next business day for the courts was December 27, 2016. Thus, because it is plausible that the notice of appeal was in the hands of prison authorities earlier than December 23, 2016, we decline to quash this appeal. **See Commonwealth v. Cooper**, 710 A.2d 76, 79 (Pa. Super. 1998) ("Where … the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely[.]").

[4] The Commonwealth has declined to file a brief.

a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

It is clear that Appellant's petition is facially untimely: his judgment of sentence became final in 2000. Appellant believes his petition satisfies the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii); Appellant's Brief at 10-11.

However, our Supreme Court has held specifically that **Alleyne** does not apply retroactively to cases on collateral review. **See Washington**, **supra**. Even if it did apply retroactively, Appellant's 2016 petition was not filed within 60 days of the 2013 **Alleyne** decision. **See Commonwealth v. Secreti**, 134 A.3d 77, 82-83 (Pa. Super. 2016) (noting petitions filed within

- 4 -

60 days of Supreme Court decision recognizing retroactive application of new constitutional right satisfied requirement of 42 Pa.C.S. § 9545(b)(2)).

In an attempt to circumvent the **Washington** holding, Appellant invokes the United States Supreme Court's decision in **Montgomery**, which held that its decision in **Miller v. Alabama**, 567 U.S. 460 (2012),[5] announced a new substantive rule of law that applies retroactively. **Montgomery**, 136 S.Ct. at 736. However, as **Washington** made clear, **Alleyne** is a procedural rule, not a substantive rule. Accordingly, the rationale of **Montgomery**, which dealt with a substantive rule, cannot apply here. In addition, Appellant was neither convicted of murder nor sentenced to life without parole; thus, neither **Miller** nor **Montgomery** applies to him.

Because Appellant failed to establish the applicability of a timeliness exception, the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.

---

[5] In **Miller**, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2017